UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANDREW SPEARS,

            Plaintiff,

    -v-                                       12-CV-1100F
                                                    ORDER

C.O. D.S. UTZ #13; C.O. KLUCYNSKI #126;
JOHN DOE #009; SGT. LATES,

            Defendants.
_____



## INTRODUCTION

Plaintiff, Andrews Spears, who was incarcerated at the Erie County Correctional Facility at the time of the events alleged in the complaint, has filed this *pro se* action under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that on October 19, 2012, defendant Sgt. Lates retaliated against him when, after a Disciplinary Ticket (Report) Disposition was reversed, Lates ordered him housed in administrative segregation, and that defendants C.O. Utz, C.O. Klucynski, and John Doe #009 violated his rights to procedural due process when, as members of the Disciplinary Committee adjudicating the Disciplinary Ticket at issue, they denied him a witness and found him guilty of the charge alleged despite knowing that the first name of the inmate noted on the Disciplinary Ticket was not his first name. (Complaint, ¶¶ 5A-5A, First and Second Claims, at 4-6, and Exhibits to Complaint: A, Disciplinary Report, dated October 10, 2012; B, Disciplinary Appeal Form, dated October 12, 2012; C, Disciplinary Proceedings Report,

dated October 12, 2012, signed by John Doe #009, Utz and Klucynski; D, Administrative Segregation Order, dated October 19, 2012, signed by Lates; and E, Plaintiff's Letter in support of appeal of Disciplinary Report Findings.) For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, his due process claims against defendants Utz, Klucynski and John Doe #009 are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and unless plaintiff files an amended complaint as directed below, the remaining claim against Sgt. Lates alleging retaliation will be dismissed with prejudice pursuant to §§ 1915(e)(2)(B) and 1915A.

## **INTRODUCTION**

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93

(2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton,* 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido,* 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's due process claims against defendants Utz, Klucynski and John Doe #009 must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted. In addition, the Court finds that plaintiff's claim of retaliation against Sgt. Lates must be dismissed unless plaintiff files an amended complaint as directed below.

### A. PLAINTIFF'S CLAIMS

Plaintiff alleges that defendant Lates placed him in administrative segregation in retaliation for plaintiff successfully appealing a Disciplinary Report Finding. (Complaint, ¶ 5A, First Claim, at 4-5, and Exh. D, Administrative Segregation Order.) The Disciplinary Report was issued on October 10, 2012, and charged plaintiff with

3

Disorderly Conduct. The Narrative states that plaintiff asked where he would be assigned after being released from keeplock and was told it would be up to "Classification." Plaintiff responded that he could not go to "open dorms" and that if he was taken there he would "get physical" with the officers. (*Id.*, Exh. A, Disciplinary Report.) Plaintiff was found guilty of the charge by defendants Utz, Klucynski and John Doe #009 and sentenced to "B 3 plus 27 days 'KL' segregation" and a $25.00 surcharge.

Plaintiff alleges that he was denied the right to call as a witness the officer who wrote the Disciplinary Report and was found guilty of the charge despite it being clear that the first name of the inmate on the Report was not the same as his first name. The Report noted the inmate's name was "Anthony" Spears, not "Andrew" Spears. Plaintiff appealed the disposition and it was reversed and expunged on the basis that the Report had the wrong name. (*Id.*, Exh. B, Disciplinary Appeal Form.)

1. Retaliation

As noted, it is alleged that defendant Lates retaliated against plaintiff for obtaining a reversal of the Disciplinary Report Disposition when he ordered that plaintiff remain in administrative segregation for seven days "until review." (Complaint, ¶ 5A, First Claim, at 4-5; Exh. D, Administrative Segregation Order.) The basis of the Administrative Segregation Order was that "a serious threat exists to the individuals safety as perceived by facility staff[.]" (*Id.*, Exh. D.)

It is well established that prison officials may not retaliate against inmates for exercising their constitutional rights. *See, e.g., Colon v. Coughlin*, 58 F.3d 865, 872 (2d

Cir. 1995); *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988). To state a retaliation claim under § 1983, "a plaintiff must show that: (1) his actions were protected by the Constitution or federal law; and (2) the defendant's conduct complained of was in response to that protected activity." *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000) (internal quotation and citation omitted); *see also Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (To establish a prima facie case of First Amendment retaliation, plaintiff must demonstrate: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.") (internal quotation marks omitted)). A prisoner alleging retaliation must show that the protected conduct was "a substantial or motivating factor" behind the alleged retaliatory conduct. *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). Evidence that can lead to an inference of improper motive includes: (1) the temporal proximity of the filing of a grievance and the alleged retaliatory act; (2) the inmate's prior good disciplinary record; (3) vindication at a hearing on the matter; and (4) statements by the defendant regarding his motive for disciplining plaintiff. *See Colon*, 58 F.3d at 872-73.

Because claims of retaliation are easily fabricated, the courts must "examine prisoners' claims of retaliation with skepticism and particular care," *Colon*, 58 F.3d at 872, requiring "'detailed fact pleading . . . to withstand a motion to dismiss.'" *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) (quoting *Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir. 1981)). To survive a motion to dismiss, such claims must be "'supported by specific

5

and detailed factual allegations,'" and not stated "'in wholly conclusory terms.'" *Friedl*, 210 F.3d at 85-86 (quoting *Flaherty*, 713 F.2d at 13); *see also Graham*, 89 F.3d at 79 (wholly conclusory claims of retaliation "can be dismissed on the pleadings alone"); *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987) (same).

Moreover, only those retaliatory acts that are likely to "chill a person of ordinary firmness from continuing to engage" in activity protected by the First Amendment are actionable under § 1983; in other words, allegations of *de minimis* acts of retaliation do not state a claim under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 397 (6th Cir. 1999) (cited with approval in *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).); *see also Gill*, 389 F.3d at 381 (An adverse action is "conduct that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights.") (internal quotation marks omitted); *Davidson v. Chestnut*, 193 F.3d 144, 150 (2d Cir. 1999) (on remand, district court to consider the "serious question" of "whether the alleged acts of retaliation . . . were more than *de minimis*" in deciding summary judgment motion). A *de minimis* retaliatory act is outside the ambit of constitutional protection. *Dawes*, 239 F.3d at 492. " 'Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before a[ retaliatory] action taken against them is considered adverse.' " *Id.*

The extent of plaintiff's allegations are that Lates ordered him to remain in administrative segregation because plaintiff had "beat[] [his] disciplinary ticket." These allegations are wholly conclusory and thus insufficient to state an actionable retaliation

6

claim against Lates. Plaintiff's retaliation claim therefore fails to state a claim upon which relief can be granted and will be dismissed unless plaintiff files an amended complaint wherein he sets forth facts that would support a claim of retaliation claim against Lates. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000) (A district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal quotation and citation omitted)). If plaintiff's amended complaint again alleges only a conclusory claim that Lates retaliated against him for "beating" the ticket, this claim will be dismissed with prejudice.

2. Due Process

Plaintiff alleges that he was denied due process at the disciplinary hearing held in relation to the "ticket" when defendants failed to allow him to call a witness and found him guilty despite the fact that the wrong first name of the inmate was written on the ticket. This claim must be dismissed with prejudice, however, because plaintiff has not alleged that his confinement in keeplock ("KL") segregation was an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

To state a cognizable section 1983 due process claim, a plaintiff must demonstrate that he possessed a protected liberty interest and that he was deprived of that interest without due process. *Bedoya v. Coughlin*, 91 F.3d 349, 351–52 (2d Cir.1996); *Frazier v. Coughlin*, 81 F.3d 313, 316 (2d Cir.1996). "A prisoner's liberty interest is implicated by prison discipline, such as SHU confinement, only if the discipline 'imposes [an] atypical and significant hardship on the inmate in relation to the

ordinary incidents of prison life.' " *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir.2004) (quoting *Sandin*, 515 U.S. at 484).

The Court of Appeals of the Second Circuit has "explicitly avoided a bright line rule that a certain period of SHU confinement automatically fails to implicate due process rights" and has "explicitly noted that SHU confinements of fewer than 101 days could constitute atypical and significant hardships if the conditions were more severe than the normal SHU conditions ... or a more fully developed record showed that even relatively brief confinements under normal SHU conditions were, in fact, atypical." *Palmer*, 364 F.3d at 64–65. The district courts are "required to examine the actual circumstances of confinement and to identify with specificity the facts upon which their conclusions are based." *Davis v. Barrett*, 576 F.3d 129, 134 (2d Cir.2009). "A detailed factual record is required unless the period of time spent in SHU was exceedingly short—less than 30 days—and there is no indication that the plaintiff endured unusual SHU conditions." *Bowens v. Pollock*, 2010 WL 5589350, at *14 (W.D.N.Y., Oct. 12, 2010) (citing *Davis*, 576 at 135) (Report and Recommendation adopted by District Judge, 2011 WL 146836 (W.D.N.Y. Jan 18, 2011)).

As alleged herein, plaintiff's disciplinary sanction of October 12, 2012, was 30 days or less (Complaint, Exh. C), and his sanction was reversed no later than October 19, 2012 (*id.*, Exh. D.) Moreover, there are no allegations that the conditions in keeplock were especially harsh, or that plaintiff endured unusual conditions. *Palmer*, 364 F.3d at 64. Accordingly, plaintiff's due process claim is dismissed and leave to

replead is denied because it would be futile. *See Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009).

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's due process claims against defendants C.O. D.S. Utz, C.O. Klucynski and John Doe #009 (Complaint, ¶ 5A, Second Claim, at 5-6) are dismissed with prejudice. In addition, plaintiff's retaliation claim against defendant Sgt. Lates (Complaint, ¶ 5A, First Claim, at 4-5) must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint which includes the necessary allegations regarding said claim as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). See 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's due process claims against defendants C.O. D.S. Utz, C.O. Klucynski and John Doe #009 (Complaint, ¶ 5A, Second Claim, at 5-6) are dismissed with prejudice and the Clerk of the Court is directed to terminate defendants Utz, Klucynski and John Doe #009 as parties to this action;

FURTHER, that plaintiff is granted leave to file an amended complaint regarding only his claim of retaliation against Sgt. Lates as directed above by **June 24, 2013**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **June 24, 2013**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that if plaintiff has not filed an amended complaint by **June 24, 2013**, the Clerk of the Court is directed to close this case as dismissed with prejudice; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

DATED: 5/15, 2013
Buffalo, New York

JOHN T. CURTIN
United States District Judge